IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK BANKS, | CIVIL ACTION NO. **1:CV-11-0511** |
| Plaintiff, | |
| | (Judge Conner) |
| v. | (Magistrate Judge Blewitt) |
| EQUITABLE GAS COMPANY, et al., | |
| Defendants | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

On March 18, 2011, Plaintiff, Frederick Banks, currently an inmate at the Federal Correctional Institution at Fort Dix ("FCI-Fort Dix"), Fort Dix, New Jersey, filed, *pro se*, a 1-page Petition for Writ of Mandamus, pursuant to 28 U.S.C. §1651, in this Court. (Doc. 1). Plaintiff also filed a Motion for Leave to proceed *in forma pauperis*. (Doc. 2).[1] Plaintiff names as Defendants: Equitable Gas Company, Pittsburgh, PA; John Does; Commissioner of Indian Affairs; and Department of the Interior. Plaintiff's Petition has not yet been served on Defendants.[2]

Plaintiff states that he is an "American Indian" and that his action "is criminal not civil in nature." (Doc. 1, p. 1). Plaintiff avers that he "previously contracted with Defendants for gas at his home located at 52 South 8th Street, Pittsburgh, PA 15203." Plaintiff alleges that in 2010, his neighbor advised him "that Defendants had terminated his gas service, over billed him and paved over his gas line cutting off all access to his gas line." (*Id*.). Plaintiff avers that Defendants "affected his right to property when they turned off his gas [and] cut off all access to his line, and

---

1. Plaintiff's Motion for Leave to proceed *in forma pauperis* (Doc. 2), consisting simply of 4 handwritten sentences, is not on the proper form for a Motion for Leave to proceed *in forma pauperis*. Also, Plaintiff failed to submit a copy of his inmate account.

2. We note that, on March 25, 2011, Plaintiff Banks filed a second Petition for Writ of Mandamus in this Court, which has been docketed to Civil No. 1:CV-11-0564.

billed and collected payments for the gas." Plaintiff states that as an "American Indian" he "was exempt from debt pursuant to 8 U.S.C. §1401(b)." (*Id*.).

As relief, Plaintiff "moves the Court for a damages award [$100,000] and to compel Defendants to arrest and punish the Defendants under the provisions of the Sioux Treaty at Fort Laramie of 1868 ... ." Plaintiff also requests the Court to "Order Defendants to return all monies paid into [his] account and order immediate reimbursement of the gas service." (*Id*.).

Plaintiff's Petition solely relates to events which allegedly occurred at his house in Pittsburgh, Pennsylvania. As stated, Plaintiff is presently confined at FCI-Fort Dix, New Jersey. Neither Plaintiff nor his claims have any connection to the Middle District of Pennsylvania.

As discussed below, we find that Plaintiff's Petition should be dismissed. In the alternative, we find that all of Plaintiff's claims arising at his house in Pittsburgh, Pennsylvania, against a private gas company, John Does, the Commissioner of Indian Affairs, and the Department of the Interior should be transferred to the District Court for the Western District of Pennsylvania. *See Abuhouran v. Kaiserkane, Inc.*, Civil No. 10-2281, M.D. Pa. 2010 WL 5300885 (M.D. Pa. 11-29-10).

2

**II. Screening Plaintiff's Complaint.**

As stated, Plaintiff filed a Motion to proceed *in forma pauperis*. (Doc. 2).[3] We now screen Plaintiff's pleading as we are obliged to do, despite Plaintiff 's contention that the PLRA does not apply and despite the fact that Plaintiff is not complaining about prison conditions. We are obliged to screen Plaintiff's pleading under 28 U.S.C. §1915(e). In *O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.), the Court stated, "Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)."

In *Palencar v. Cobler Realty Advisors*, Civil No. 09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6, the Court stated:

> Once it has been decided that a plaintiff should be accorded *in forma pauperis* status, the court then considers whether the complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Douris v. Huff*, 2008 U.S. App. LEXIS 467, 469 (3d Cir. 2007); *see also Douris v. Newtown Borough, Inc*. 207 Fed.Appx. 242 (3d Cir. 2006). Section 1915(e)(2) provides:
>
> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --

---

3.   The undersigned has been assigned this case for all pre-trial matters pursuant to 28 U.S.C. § 636(b)(1)(A).
We note that Plaintiff incorrectly states that since his action is criminal in nature and not civil, the PLRA does not apply to his instant Mandamus Petition. (Doc. 1, p. 1).  We also note. to the extent Plaintiff claims that Defendants committed  criminal violations, such claims are not proper in a federal civil action.  This Court cannot grant as relief in the present case the initiation of a criminal prosecution.  Also, the Third Circuit has held that a private person could not impose criminal liability on a defendant since he lacked standing to do so.  *See Conception v. Resnik*, 2005 WL 1791699, *2, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005) (Non-Precedential).  This Court has no authority to grant Plaintiff relief with respect to alleged criminal conduct in this action.  *See Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.) aff'd. in relevant part, C.A. No. 09-1486 (3d Cir. 5-21-10). Thus, insofar as Plaintiff is seeking this Court "to compel Defendants to arrest and punish the Defendants," this request is subject to dismissal.

3

>> (A) the allegation of poverty is untrue; or
>> (B) the action or appeal - -
>>> (i) is frivolous or malicious;
>>> (ii) fails to state a claim on which relief may be granted; or
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

> 28 U.S.C. § 1915(e)(2). This statute "is designed largely to discourage the filing of, and waste of, judicial and private resources upon baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (stating that "[dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints"). While the original statute permitted sua sponte dismissal only if an action was frivolous or malicious, Congress included failure to state a claim and seeking monetary relief from a defendant immune from suit as additional grounds for sua sponte dismissal of *in forma pauperis* cases. *Jones v. Bock*, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007); § 1915(e)(2)(B) (2000 ed.); 28 U.S.C. § 1915(d)( (1994 ed.).

Thus, § 1915(e) obligates the Court to engage in a screening process when a person wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Despite the fact that Plaintiff, an inmate, is not complaining about prison conditions, § 1915(e)(2) applies to all *in forma pauperis* complaints. *See Grayson v. Mayview State Hosp.*, 293 F3d 103, 110, n. 10 (3d Cir. 2002); *Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000); *Williams v. Marino,* Civil No. 03-0632, M.D. Pa. January 12, 2004, Memorandum and Order, p. 4; *Dunbar v. Dunbar*, Civil No. 11-0135, M.D. Pa., February 11, 2011 Order.

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

### III. Motion to Dismiss Standard.

> In *Reisinger v. Luzerne County*, 2010 WL 1976821, *7 (M.D. Pa.), the Court stated:
>
> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint

4

must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.
>
> *Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

## IV. Discussion.

As mentioned, Plaintiff filed this action as a Petition for Writ of Mandamus. The Court stated in *Mitchell v. U.S.,* 419 F. Supp. 2d 709, 711(W.D. Pa. 2005):

> 28 U.S.C. § 1361 states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

The *Mitchell* Court also stated:

> This Court has the authority to issue a Writ of Mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651(a).  The Act states that "[t]he Supreme Court and all courts

5

> > established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Id*.

*Id*. at 712.

> The standards for determining if a Writ of Mandamus should issue are:

> > According to the Supreme Court, "[t]he extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of a 'clear nondiscretionary duty.'" *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121, 109 S.Ct. 414, 424, 102 L.Ed.2d 408, 425 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984)). The Petitioner must show that he has no other adequate means to attain the relief he desires and that he has a clear and indisputable right to the writ. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 482 (3d Cir. 1995). Once the Petitioner has made such a showing, it is still within the discretion of this Court to determine whether to issue the writ. *See id*.

*Id*.

> The Court in *Bartosek v. Com of Pa*., 2005 WL 2250684, * 1 (W.D. Pa.), stated:

> Mandamus is a "drastic remedy that 'is seldom issued and [ ] is discouraged." ' *In re Patenaude,* 210 F.3d 135, 140 (3d Cir.2000). Petitioners must demonstrate that they "lack adequate alternative means to obtain the relief they seek" and they "carry the burden of showing that their right to issuance of the writ is 'clear and indisputable." ' *Mallard v. United States District Court for the Southern District of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). Section 1361 provides the federal courts with jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." *Id*.

> In *Murray v. Grondolsky*, 369 Fed. Appx. at 320, the Court stated that "mandamus

relief is to be issued only in extraordinary circumstances, where the Petitioner demonstrates that

he has no alternative means to achieve the relief sought, and that he has a clear and

indisputable right to the writ." (Citation omitted).[4]

---

4. In *Drummond v. Martinez*, 2009 WL 3241851, *5, n. 8 (M.D. Pa. October 05, 2009), the Court noted:

> To be eligible for mandamus relief, a petitioner must establish (1) that he has a clear

**6**

In *Hill v. Lappin*, 2010 WL 3398989, *3 (M.D. Pa. 8-25-10), the Court stated:

> Moreover, "[m]andamus is an extraordinary remedy that can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.' *Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary,* 93 F.3d 103, 112 (3d Cir.1996) (quoting *Harmon Cove Condominium Ass'n, Inc. v. Marsh,* 815 F.2d 949, 951 (3d Cir.1987)). *See Ararat v. District Director, ICE,* 176 F.App'x. 343 (3d Cir.2006). Therefore:   Mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer,* 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (discussing the common-law writ of mandamus, as codified in 28 U.S.C. § 1361). *See also Stehney,* 101 F.3d at 934 (mandamus relief is a drastic remedy only to be invoked in extraordinary circumstances).

*Stanley v. Hogsten* 277 F.App'x. 180, 181(3d Cir.2008).

> As one court has aptly observed when describing the precise and exacting standards which must be met when a petitioner invokes the writ of mandamus:
> The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 34, 101 S.Ct. 188, 66 L.Ed.2d 193,(1980). Only "exceptional circumstances amounting to a judicial 'usurpation of power' " will justify issuance of the writ. *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 289, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988) (quoting *Will v. United States,* 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305(1967)); *see also In re Leeds,* 951 F.2d 1323, 1323 (D.C.Cir.1991). Mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *In re Medicare Reimbursement Litigation,* 414 F.3d 7, 10 (D.C.Cir.2005) (quoting *Power v. Barnhart,* 292 F.3d 781, 784 (D.C.Cir.2002)); *see also Banks v. Office of Senate Sergeant-At-Arms and Doorkeeper of the United States Senate,* 471 F.3d 1341, 1350 (D.C.Cir.2006) (concluding that the extraordinary remedy of mandamus need not issue in a case arising under the Congressional Accountability Act where the issue could be addressed by an appeal from a final judgment). The party seeking mandamus "has the burden of showing that 'its right to issuance of the writ is clear and indisputable.' " *Power v. Barnhart,* 292 F.3d at 784 (quoting *Northern States Power Co. v. U.S. Dep't of Energy,* 128 F.3d 754, 758 (D.C.Cir.1997)). Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus therefore is not an appropriate remedy. *See, e.g., Heckler v. Ringer,* 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); *Weber v. United States,* 209 F.3d at 760 ("[M]andamus is proper only when an agency has a clearly established duty to act.").

---

right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy. *See Cheney v. U.S. Dist. Court for Dist. of Columbia,* 542 U.S. 367, 380-81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) ("Mandamus is an extraordinary remedy, available to 'a plaintiff only if ... the defendant owes him a clear, non-discretionary duty.' ") (citing *Heckler v. Ringer,* 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984)).

7

*Carson v. U.S. Office of Special Counsel,* 534 F.Supp.2d 103, 105 (D.D.C.2008).

In the present case, Plaintiff Banks seeks this Court to impose money damages against Defendants for allegedly turning off his gas service to his house in Pittsburgh, for cutting off access to his gas line, and for continuing to bill him and collect payments from him for gas. Plaintiff alleges that Defendants conduct violated federal law, 8 U.S.C. §1401(b), as well as the Sioux Treaty of 1868. Plaintiff also seeks this Court to "compel Defendants to arrest and punish the Defendants" and to order Defendants to reimburse him for all of the money he paid on his gas service account regarding his house in Pittsburgh. Plaintiff's action styled as a Petition for Writ of Mandamus should be dismissed since Plaintiff does not even remotely indicate that any governmental official had any personal involvement with the alleged conduct by the Defendant Gas Company of terminating his gas service, over billing him, paving over his gas line, and cutting off all access to his gas service at his house in Pittsburgh. Also, Plaintiff has failed to show that he has no other adequate means to attain his requested relief, *i.e.* file a civil action in Pittsburgh against Defendant Equitable Gas Company. Further, Plaintiff has not shown that his right to the writ is clear and indisputable especially since he does not even allege that any governmental official had any involvement with the termination of his gas service at his house in Pittsburgh.

As the *Hill* Court stated:

> A writ of mandamus may only issue if the plaintiff has a clear right to relief and the defendant has a clear duty to act, and "can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.' " *Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary,* 93 F.3d 103, 112 (3d Cir.1996). Therefore, inherent in a request for mandamus is "a showing [by the moving party] that 'its right to issuance of the writ is clear and indisputable.' Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus therefore is not an appropriate remedy." *Carson v. U.S. Office of Special Counsel,* 534 F.Supp.2d 103, 105 (D.D.C.2008).

2010 WL 3398989, *4.

Moreover, venue of Plaintiff 's action does not lie in the Middle District of Pennsylvania. Based on the Petition, we find that all of Plaintiff's claims arose in the Western

**8**

District of PA, where his house was located. Plaintiff, as an inmate at FCI-Fort Dix, New Jersey, whose claims arose in the Western District of Pennsylvania does not even have any connection with the Middle District of Pennsylvania.

Thus, in the alternative to dismissal, we find, as the Court did in *Abuhouran v. Kaiserkane, Inc.*, Civil No. 10-2281, M.D. Pa. 2010 WL 5300885 (M.D. Pa. 11-29-10), that since all of Plaintiff's claims relate to his gas service at his house in Pittsburgh and since Plaintiff is confined at FCI-Fort Dix, New Jersey, his case should be transferred to the District Court for the Western District of Pennsylvania. In fact, as stated, neither Plaintiff nor his claims have any nexus with the Middle District of Pennsylvania.

Thus, in the alternative, we will recommend that the Court transfer Plaintiff's case with respect to his claims which relate to his gas service at his house in Pittsburgh to the Western District of Pennsylvania since this is the more convenient forum pursuant to 28 U.S.C. §1404(a). The Western District of Pennsylvania would have jurisdiction over the Pittsburgh Gas Company Defendant and over Plaintiff's claims, which arose in Pittsburgh. Thus, we will recommend, in the alternative, that Plaintiff's case be transferred to the Western District of Pennsylvania since this is the more convenient forum pursuant to 28 U.S.C. §1404(a).

A court may transfer any civil action for the convenience of the parties or witnesses, or in the interests of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a). Title 28 U.S.C. §1391(b) provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*See also Vangura Kitchen Tops, Inc. v. C&C North America, Inc.*, 2008 WL 4540186, *3;

9

*Eppard v. Certegy Payment Recovery Services, Inc.*, Civil No. 09-1414, M.D. Pa., 2-23-10 Memorandum.

In *Hankins v. Beard*, 2008 WL 2950996, *10 (M.D. Pa.), the Court stated:

> It is well settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a). The United States Supreme Court in *Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) recognized that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought by the plaintiff.

In *Brown v. Maue*, 2005 WL 1420776, *1 (M.D. Pa.), the Court stated:

> "the purpose of [§ 1404(a) ] is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Id.* (internal quotations omitted). Although the court has discretion to transfer venue, "a motion to transfer is not to be liberally granted." *Measurement Specialties, Inc. v. Stayhealthy.com,* 275 F. Supp.2d 638, 640 (E.D. Pa. 2003)."

The *Brown* Court considered all of the relevant factors and found that since the alleged actions by Plaintiff Brown occurred while he was an inmate at SCI-Pittsburgh and SCI-Fayette, both located in the Western District of Pennsylvania, since the relevant Defendants were located in the Western District of Pennsylvania, and since "practical considerations dictate[d] that the action should be transferred to the Western District," the Court transferred Plaintiff Brown's Amended Complaint to the Western District of Pennsylvania. *Id.*, *2-*3.

The *Brown* Court stated that courts generally consider the following factors in deciding whether to transfer a case to another district:

> (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties; (4) (sic) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (5) the location of books and records, similarly limited to the extent that the files could not be produced in the alternative forum; (6) the enforceability of the judgment; (7) practical considerations that could make the trial easy, expeditious, or inexpensive; (8) the relative court congestion in the competing courts; (9) the local interest in deciding local controversies at home; (10) the public policies of the fora; (11) and the familiarity of the trial judge with the applicable state law.

**10**

*Id*. at *2(citation omitted); *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873 (3d Cir. 1995).[5]

We find that, based on the above analysis of the relevant factors as they pertain to the instant case, specifically regarding the listed factors 2, 3, 4, 5, 6, 7, 9, and 11, they all weigh in favor of transferring Plaintiff's case to the District Court for the Western District of Pennsylvania. Significantly, as stated, none of the alleged conduct giving rise to Plaintiff's claims occurred in the Middle District of Pennsylvania. *See Paul Green Sch. of Rock Music Franchising, LLC v. Rock Nation*, 2009 WL 129740 (E.D. Pa.); *Goad, supra*.

The instant claims arise at Plaintiff's house in Pittsburgh and Plaintiff is confined at FCI-Fort Dix within the jurisdiction of the District Court for New Jersey. None of the named Defendants are located in the Middle District of Pennsylvania, and the alleged conduct of Defendant Equitable Gas Company occurred in Pittsburgh. Neither Plaintiff nor any of the Defendants are alleged to have any contacts in this case with the Middle District of Pennsylvania. Further, all of the records concerning Plaintiff's claims arising at his house in Pittsburgh would seemingly be located in the Western District of Pennsylvania along with the witnesses.

Thus, none of the parties, including Plaintiff, none of the witnesses and none of the records regarding Plaintiff's claims are located in the Middle District of Pennsylvania. Also, all of the pertinent events complained of occurred in the Western District of Pennsylvania, and the records and documents regarding the Defendants should be in the Western District of Pennsylvania.

Therefore, in the alternative to dismissal, we find that, for the convenience of the parties, this case with respect to all of Plaintiff's claims regarding the gas service to his house in Pittsburgh should be transferred to the District Court for the Western District of Pennsylvania, the proper forum. *See Vangura Kitchen Tops, Inc. v. C&C North America, Inc.*, 2008 WL

---

5. The quote from *Brown* contained two factors number (4).

**11**

4540186, *3 citing *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 878 (3d Cir. 1995); *Lafferty v. St. Riel*, 495 F. 3d 72 (3d Cir. 2007).

## V.  Recommendation.

Based on the foregoing, it is respectfully recommended that Plaintiff's Petition for Writ of Mandamus **(Doc. 1)** be dismissed.  It is also recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* **(Doc. 2)** be granted solely for the purpose of filing this action.

In the alternative, it is recommended that, for the convenience of the parties and in the interests of justice, this case should be transferred to the District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §1404(a).

<pre>
                              s/ Thomas M. Blewitt
                              THOMAS M. BLEWITT
                              United States Magistrate Judge
</pre>

**Dated: March 29, 2011**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FREDERICK BANKS, | : | CIVIL ACTION NO. **1:CV-11-0511** |
| Plaintiff, | : | |
| | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| EQUITABLE GAS COMPANY, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 29, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

s/ Thomas M. Blewitt  
**THOMAS M. BLEWITT**  
**United States Magistrate Judge**

**Dated: March 29, 2011**

**15**